IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-03273-RBJ

WILLIAM CAREY BARBER,

    Plaintiff,

v.

TOWN OF LA VETA, a Statutory Town; and
LOREN YOUNGERS,
BRIAN HOLLAND, and
CHERYLE JOHNSTON, individually and as agents, employees, and/or representatives of the Town of La Veta,

    Defendant.

---

ORDER

---

This matter is before the Court on defendants' Motion to Dismiss, ECF No. 9. For the reasons discussed in this Order, defendants' motion is granted.

## I.    FACTS

On December 3, 2013, defendant Deputy Town Marshal Brian Holland arrested plaintiff William Barber for public intoxication in the Town of La Veta, Colorado. ECF No. 8 at ¶ 11; ECF No. 9 at 1. Barber contends that he was arrested without probable cause. ECF No. 8 at ¶ 11. Furthermore, Barber claims that Holland subsequently detained him, interrogated him without an advisement of his rights, and tried to solicit a confession from him without a valid waiver of his rights. ECF No. 8 at ¶ 13. Defendants insist that following his arrest, Barber

admitted that several days prior he had driven his vehicle into a fire hydrant and a house while intoxicated. ECF No. 9 at 1.

Barber alleges that Holland or Defendant Town Marshal Loren Youngers attempted to file a Driving Under the Influence ("DUI") citation in Municipal Court against Barber. ECF No. 8 at ¶ 16. Municipal Court clerk Laurie Erwin informed the officer that the Municipal Court could not hear a DUI charge. *Id.* Holland returned to the Municipal Court later that day and told Erwin that Youngers had ordered him to file a Driving While Ability Impaired ("DWAI") charge against Barber. *Id.* Again, Erwin informed Holland that the Municipal Court could not hear a DWAI charge. *Id.* Thereafter, Erwin presented the DWAI citation to Defendant Municipal Judge Cheryle Johnston and advised Johnston that the Municipal Court lacked jurisdiction to hear the state charge. *Id.* at ¶ 17. After consulting legal materials, Johnston incorrectly surmised that the Municipal Court had jurisdiction to hear the DWAI charge. *Id.* at ¶ 18.

Barber was charged, tried, convicted, and sentenced in Municipal Court for DWAI, a violation of Colorado Revised Statute section 42-4-1301(1)(b). *Id.* at ¶ 19. He was also convicted of other state violations including Failure to Notify Police of Accident, Careless Driving, and Duty Upon Striking a Vehicle or Property. *Id.* Barber claims that the Municipal Court lacked subject matter jurisdiction to hear the state charges, and that Johnston, Holland, or Youngers should have referred the charges to the Walsenburg, Colorado County Court. *Id.* at ¶¶ 19–20. Furthermore, two members of the Town of La Veta Board of Trustees, Logan Taggart and Shane Clouse, attended the trial and made no effort to stop the trial or admonish Johnston for presiding over state charges. *Id.* at ¶ 21. Barber's sentence consisted of a $1,500 fine; $3,963.52 of restitution for damage to the fire hydrant; $300 of restitution for the damage to the house;

$1,550 in court costs; 14 points against Barber's driving privilege; an order revoking his driver's license; and sixty days in the Huerfano County jail. *Id.* at ¶ 23. Barber's conviction and sentence were vacated by the Municipal Court a few weeks later. ECF No. 9 at 1.

Barber also claims that aspects of his arrest and trial violated Title II of the Americans with Disabilities Act ("ADA"). ECF No. 8 at ¶ 22. Barber is severely hearing impaired. *Id.* at ¶¶ 12, 15, 22. He alleges that defendants never accommodated for his hearing loss. *Id.* Defendants did not provide Barber with a sign language interpreter or any other form of nonverbal communication to ensure that Barber understood what was being said. *Id.* at ¶ 22. Barber wears hearing aids, but he still needs to read lips to fully understand verbal communication. *Id.* During the trial he could not understand Johnston or Holland when they were not facing him, which happened frequently. *Id.*

On December 2, 2014, Barber filed his Complaint against the Town of La Veta, Youngers, Holland, and Johnston. ECF No. 1. He filed an Amended Complaint on December 19, 2014 alleging a violation of 42 U.S.C. § 1983 by the Town of La Veta for a failure to adequately train its employees, a violation of 42 U.S.C. § 1983 by Johnston for presiding over his trial where her court lacked subject matter jurisdiction, and a violation of tort law by Youngers, Holland, and Johnston. ECF No. 8. Subsequently, defendants filed a Motion to Dismiss, arguing that Barber's claims should be dismissed on the following grounds: 1) Barber's claims against Youngers, Holland, and Johnston in their official capacities are redundant; 2) Barber's first claim for relief against the Town of La Veta for a failure to train its employees fails to state a claim upon which relief can be granted; 3) Johnston is entitled to absolute judicial

immunity and qualified immunity; and 4) the Court lacks subject matter jurisdiction to retain Barber's third claim for relief for violations of tort law. ECF No. 9.

## II. STANDARD OF REVIEW

To survive a 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). While the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie,* 300 F.3d 1208, 1210 (10th Cir. 2002), purely conclusory allegations are not entitled to be presumed true, *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard. *See, e.g., Twombly,* 550 U.S. at 556; *Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir. 2008).

## III. ANALYSIS

### A. Claims Against Johnston, Youngers, and Holland in their Official Capacities

Both parties agree that because Barber names the Town of La Veta as a defendant, his claims against Johnston, Youngers, and Holland in their official capacities are redundant and should be dismissed. ECF No. 9 at 5 (citing *Davoll v. Webb*, 943 F.Supp. 1289, 1295 (D. Colo. 1996)); ECF No. 11 at 9. The Court therefore dismisses Barber's claims against Johnston, Youngers, and Holland in their official capacities.

## B. First Claim for Relief Against the Town of La Veta for Violation of 42 U.S.C. § 1983

To begin, as defendants note, it is a misnomer to assert a "violation of 42 U.S.C. § 1983." Section 1983 does not create substantive rights. It is the basis on which an individual can seek "relief against those who, acting under color of law, violate federal rights created elsewhere." *Reynolds v. School Dist. No.1, Denver, Colo.,* 69 F.3d 1523, 1536 (10th Cir. 1995). Plaintiff's First (failure to train) and Second (improper assertion of jurisdiction) Claims for Relief do not clearly identify the federal rights on which they are based. In his Amended Complaint plaintiff asserts violations of the Fourth, Fifth, Sixth and Fourteenth Amendments and the ADA. ECF No. 8 at ¶1, 24. However, in his response to the motion to dismiss plaintiff clarifies that he is asserting a violation of his right to procedural due process under the Fourteenth Amendment as well as a violation of Title II of the ADA. ECF No. 11 at 7. While inartful, the Court gives him the benefit of the doubt and finds that he has asserted a "§ 1983 claim" for violation of his right to due process and a violation of Title II of the ADA.[1]Fdf

Barber alleges that the Town of La Veta's failure to train its law enforcement and judiciary about the jurisdictional limitations of its Municipal Court and communicating with the hearing impaired rises to the level of deliberate indifference to the rights of its citizens. ECF No. 11 at 7, 11. Defendants argue that Barber's § 1983 failure to train claim fails to state a claim upon which relief can be granted. ECF No. 9 at 5–10.

---

[1] Barber's claim against the Town of La Veta as it relates to his hearing impairment appears to be a § 1983 claim based on violations of Title II of the ADA. Several Circuit Courts of Appeals have held that a plaintiff cannot bring a § 1983 claim predicated on a violation of the ADA. *See e.g.*, *Holbrook v. City of Alpharetta, Ga.*, 112 F.3d 1522, 1531 (11th Cir. 1997); *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1011 (8th Cir. 1999). As far as this Court can determine, the Tenth Circuit has not yet decided this issue. *Goldman v. Colorado Territorial Corr. Facility*, 69 F.3d 547 (10th Cir. 1995) ("because we dismiss Plaintiff's Section 1983 claim . . . we need not decide whether a plaintiff may allege a Section 1983 claim based on a violation of the ADA"). In the present case, because defendants' motion to dismiss this claim is granted based on Barber's failure to state a claim, the Court need not decide this legal issue at this time.

A municipality cannot be held liable under § 1983 for its employees' actions on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). "Rather, to establish municipal liability, a plaintiff must show 1) the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged." *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). A plaintiff may show the existence of a municipal policy or custom in the form of 1) an officially promulgated policy, 2) an informal custom amounting to a widespread practice, 3) the decisions of employees with final policymaking authority, 4) the ratification by final policymakers of the decisions of their subordinates, or 5) the failure to adequately train or supervise employees. *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010).

A municipality's decision not to train its employees regarding their legal duty to avoid violating its citizens' rights may constitute a municipal policy or custom for purposes of § 1983 in limited circumstances. *Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011) ("A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train."). A municipality's failure to train its employees must amount to a deliberate indifference to the rights of the citizens with whom the employees come into contact. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Connick*, 131 S.Ct. at 1360 (internal quotation marks omitted). A pattern of similar violations demonstrates that the municipality's policymakers were on notice that a deficiency in their training program caused employees to violate citizens' rights, and the municipality continued to adhere to the inadequate training program anyways. *Id.* In exceptional

circumstances, "deliberate indifference may be found absent a pattern of unconstitutional behavior if a violation of federal rights is a 'highly predictable' or 'plainly obvious' consequence of a municipality's action or inaction, such as when a municipality fails to train an employee in specific skills needed to handle recurring situations[.]" *Barney v. Pulsipher*, 143 F.3d 1299, 1307–308 (10th Cir. 1998) (citing *Canton*, 489 U.S. at 390).

In the present case, Barber alleges that the Town's failure to train its law enforcement and judiciary regarding the jurisdictional limitations of its Municipal Court and communicating with the hearing impaired rises to the level of deliberate indifference to its citizens' rights. ECF No. 8 at ¶¶ 27–31; ECF No. 11 at 5, 7. To survive a motion to dismiss, Barber must proffer specific facts regarding the employees' training—"when it occurred, who conducted it, or how it was deficient." *Rehberg v. City of Pueblo*, No. 10-CV-00261-LTB-KLM, 2012 WL 1326575, at *5 (D. Colo. Apr. 17, 2012); *See C.G. v. City of Fort Lupton*, No. 13-CV-01053-REB-CBS, 2014 WL 2597165, at *19 (D. Colo. June 10, 2014) (dismissing plaintiff's failure to train claim in part because his amended complaint contained "no well-pled facts that demonstrate . . . specific deficiencies in the training or supervision of any school employees or police officers"). Barber's claim consists of largely conclusory allegations. He puts forth no facts that demonstrate specific deficiencies in the Town of La Veta's training of its law enforcement officers or judiciary. He only states that "the need for training was so obvious," and that the Town's employees "failed to ascertain . . . jurisdictional limits due to a gross lack of training." *Id.* at ¶¶ 29, 25. This is clearly insufficient.

Additionally, Barber fails to include well-pled facts indicating that the Town of La Veta had a "pattern of similar constitutional violations." *Connick*, 131 S.Ct. at 1360. In regards to the

7

improper assertion of Municipal Court jurisdiction, Barber simply concludes that the Town "had actual and/or constructive knowledge of other incidents of illegal arrests and/or Municipal Court prosecutions of state citations without proper subject matter jurisdiction." ECF No. 8 at ¶ 26. Barber does not allege that Town had knowledge of other instances where Town employees failed to provide a hearing impaired citizen with a sign-language interpreter or other form of nonverbal communication.

The sole example for which Barber supplies specific factual allegations is the incident involving plaintiff himself. Barber argues that the violation of his rights by the police force, Youngers and Holland, and the violation of his rights by the judiciary, Johnston, constitute two separate incidents. ECF No. 11 at 11. While they may constitute two separate incidents, they do not establish a *pattern* of *similar* violations. The law requires the pattern of constitutional violations to be sufficiently "similar" to the violation in the case at hand in order to demonstrate that the Town's officials were on notice that their training program was inadequate. *Connick*, 131 S.Ct. at 1360. For the purpose of establishing deliberate indifference, Youngers and Holland's decision to file a DWAI charge in Municipal Court is not sufficiently similar to Johnston's decision to preside over the DWAI charge. Additionally, Youngers and Holland's failure to provide Barber with a sign language interpreter is not sufficiently similar to Johnston's failure to provide him with a sign language interpreter. The alleged violations of Barber's rights by members of the police force would not put officials on notice of deficiencies in the training of the Town's judiciary. In each case, even if it were a sufficiently similar violation, one prior incident does not describe a pattern of violations. *See Coffey v. McKinley Cnty.*, 504 F. App'x 715, 719 (10th Cir. 2012) ("One prior incident, even if it was a constitutional violation

sufficiently similar to put officials on notice of a problem, does not describe a pattern of violations.").

Moreover, Barber fails to show that this case falls into the narrow subset of cases where deliberate indifference may be found absent a pre-existing pattern of violations. Barber's Amended Complaint does not show that it was "highly predictable" or "plainly obvious" that constitutional violations would result from the alleged training inadequacies—in large part because he never identifies specific deficiencies in the training programs. Even if the Court were to assume that the Town of La Veta failed to train its law enforcement officers or judiciary in any way regarding the Municipal Court's limited jurisdiction, it is not "plainly obvious" that constitutional violations would result. It seems likely that a law enforcement officer would simply refer the state charge to the county court after being advised by the Municipal Court's clerk to do so. Furthermore, it seems probable that a judge with years of legal training would make her own inquiries into her court's jurisdictional limits. *See Connick*, 131 S.Ct. at 1363 ("A licensed attorney making legal judgments . . . simply does not present the same 'highly predictable' constitutional danger as *Canton*'s untrained officer" making a split-second decision on the use of deadly force). Similarly, Barber fails plausibly to allege that the Town's inadequate training regarding communicating with the hearing impaired makes it "plainly obvious" that constitutional violations would result. The Court will not speculate that if law enforcement officers and judges, if aware of a citizen's hearing impairment, would refuse to communicate in a way that would allow him to understand the proceedings even in the absence of formal training on the topic.

For the reasons outlined above, Barber fails to put forth sufficient facts indicating a municipal policy or custom necessary to establish municipal liability.[2] As such, the Court need not examine whether Barber asserted a direct causal link between the municipal policy and the injury alleged. Barber's Amended Complaint does not contain enough facts to state a claim for municipal liability that is plausible on its face, therefore, the Court dismisses his § 1983 failure to train claim against the Town of La Veta.

### C. Second Claim for Relief Against Johnston for Violation of 42 U.S.C. § 1983

Johnston moves to dismiss Barber's §1983 claim against her in her individual capacity asserting that she is entitled to absolute judicial immunity. ECF No. 9 at 11. Barber argues that Johnston is not entitled to judicial immunity because she lacked jurisdiction to preside over his case. ECF No. 11 at 16.

The Supreme Court has long held that judges are immune from suit for money damages. *Mireles v. Waco,* 502 U.S. 9, 9 (1991). Although absolute judicial immunity may occasionally result in unfairness or injustice to a litigant, "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal

---

[2] In his Response to defendants' Motion to Dismiss, Barber urges the Court in its review of his failure to train claim to consider that the Town of La Veta's policymakers ratified the defendants' improper exercise of jurisdiction over Barber. ECF No. 11 at 15. Barber alleges that two members of the Town's Board of Trustees, Logan Taggart and Shane Clouse, were in attendance during Barber's trial, which demonstrated an approval by the trustees of the unlawful proceedings. ECF No. 8 at ¶ 21. The Court cannot consider Barber's allegations of ratification in its examination of Barber's failure to train claim. The failure to adequately train employees and the ratification by policymakers of unconstitutional employee actions are two separate theories of municipal liability. *Cacioppo v. Town of Vail, Colo.*, 528 F. App'x 929, 932 (10th Cir. 2013). The Tenth Circuit has held that considering distinct theories of municipal liability together as a "hybrid theory" is incompatible with the Supreme Court's general approach to claims of municipal liability. *Id.* at 934 (it "would be at odds with the [Supreme Court's] conservative, restrictive approach regarding the individual theories of liability").

consequences to himself." *Bradley v. Fisher,* 80 U.S. 335, 347 (1872). The Supreme Court has recognized two exceptions to a judge's immunity from suit: "(1) when the act is 'not taken in [the judge's] judicial capacity,' and (2) when the act, 'though judicial in nature, [is] taken in the complete absence of all jurisdiction.'" *Stein v. Disciplinary Bd. of Supreme Court of NM*, 520 F.3d 1183, 1195 (10th Cir. 2008) (quoting *Mireles*, 502 U.S. at 12).

Barber contends that the second exception applies. He asserts, however, that because the Municipal Court is a court of limited jurisdiction, Johnston is not entitled to absolute judicial immunity if her actions were "clearly in excess of subject matter jurisdiction." ECF No. 11 at 16 (heading A). I disagree. The Tenth Circuit has applied the absolute immunity standard to courts of limited jurisdiction—withholding immunity from a judge only when she acts nonjudicially or in the complete absence of all jurisdiction. *Newton v. Buckley*, 127 F.3d 1109 (10th Cir. 1997) (applying the absolute immunity standard to a traffic court judge). "[A]n act taken in excess of a court's jurisdiction is not to be confused with an act taken in the 'complete absence of all jurisdiction.'" *Stein*, 520 F.3d at 1195. Actions taken in excess of a court's jurisdiction are protected by judicial immunity. *Flanders v. Snyder Bromley*, No. 09-CV-01623-CMA-KMT, 2010 WL 2650028, at *6 (D. Colo. June 30, 2010). For example, "a criminal court judge would be immune from liability for convicting a defendant of a nonexistent crime, an act taken in excess of his jurisdiction, whereas a probate court judge would not be immune from liability if he tried a criminal case because he clearly lacked all subject matter jurisdiction." *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997) (citing *Bradley,* 80 U.S. at 352). Furthermore, "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Therefore, Johnston is entitled to

11

judicial immunity if her actions were in excess of the Municipal Court's jurisdiction, but not if her actions were taken in the complete absence of all jurisdiction.

A Colorado Supreme Court decision, *Town of Frisco v. Baum*, 90 P.3d 845 (Colo. 2004), while not directly on point, is quite helpful in thinking about this issue. There, the court was presented with the question of whether a Colorado home rule city had the authority to create and define the jurisdiction of its municipal courts. *Id.* at 845–46. The court explored the interplay between municipal court and state court jurisdiction. *Id.* at 848. It recognized that a home rule city's municipal court can only exercise jurisdiction 1) granted to it in a town charter or ordinance, and 2) over matters that are of local or municipal concern. *Id.* The *Baum* court stated, "[w]hen the municipal court attempts to exercise jurisdiction over matters outside either of those categories, we have found them to be *exceeding their authority*." *Id.* (emphasis added). The Town of La Veta, although not a home rule city, is authorized by the same statute to "create a municipal court to hear and try all alleged violations of ordinance provisions of such city or town." C.R.S. § 13-10-104. The *Baum* opinion suggests that Johnston acted *in excess* of her authority when she attempted to exercise jurisdiction over Barber's DWAI charge, a matter other than a violation of a town ordinance.

Barber also asserts that Johnston is not entitled to judicial immunity because her actions are expressly forbidden by the Colorado legislature. ECF No. 11 at 17. He acknowledges that the Municipal Court's jurisdiction includes violations of traffic regulations, but he argues that its jurisdiction does not extend to a state DWAI citation. C.R.S. § 42-4-110(2); ECF No. 11 at 17. To support this contention, Barber directs the Court to two state statutes. *Id.* First he points to sections 42-4-110(1)(a)–(d) of the Colorado Revised Statutes. Section 110(a) states that local

12

authorities may enact, adopt, or enforce traffic regulations subject to a few restrictions. One such restriction is that local authorities may not "enact by ordinance regulations governing the driving of vehicles by persons under the influence of alcohol or of a controlled substance[.]" *Id.* at § 110(1)(d). While Section 110(1)(d) does forbid local authorities from enacting their own ordinances governing driving while under the influence, it does not expressly limit municipal courts' jurisdiction. In fact, the same provision states, "said local authorities within their respective jurisdictions shall enforce the state laws pertaining to these subjects." *Id.*

Barber also directs the Court to section 42-4-1705(1)(c) of the Colorado Revised Statutes which sets forth procedures for law enforcement officers following an arrest. It states,

> [w]henever a person is arrested for any violation of this article punishable as a misdemeanor, the arrested person shall be taken without unnecessary delay before a *county judge* who has jurisdiction of such offense as provided by law, in any of the following cases: (c) When the person is arrested and charged with DUI, DUI per se, or UDD[.]

(emphasis added). While this statute requires law enforcement officers to take a person charged with DUI, DUI per se, or UDD to county court, it does not speak to the charge at issue in this case, DWAI. The two statutes identified by Barber do not expressly forbid a municipal court judge from hearing a DWAI charge.

Finally, the Supreme Court has recognized the "availability of alternate forums and methods, apart from a civil suit for damages, for litigants to protect themselves from the potential consequences of actions taken by a judge." *Barnes*, 105 F.3d at 1123 (citing *Forrester v. White*, 484 U.S. 219, 227 (1988)). The *Forrester* court stated, "[m]ost judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." 484 U.S. at 227.

For the above reasons, the Court finds that although Johnston may have acted in excess of her court's jurisdiction, her actions were not taken "in the complete absence of all jurisdiction." The jurisdiction of her court includes traffic violations. Her error in presiding over Barber's trial for a state DWAI charge more closely resembles a criminal court judge convicting a defendant of a nonexistent crime than a probate court judge presiding over a criminal trial. *See Barnes*, 105 F.3d at 1123; *Bradley,* 80 U.S. at 352. Therefore, Johnston is entitled to judicial immunity and Barber's § 1983 claim against her is dismissed. As such, the Court need not decide whether Johnston is entitled to qualified immunity.

### D. Third Claim for Relief Against Johnston, Youngers, and Holland for Violations of Tort Law

"Seeking to vindicate values of economy, convenience, fairness, and comity underlying the judicially-created doctrine of pendent jurisdiction, Congress granted statutory authority to district courts to hear claims that form 'part of the same case or controversy' as the claims on which original federal jurisdiction is based." *Estate of Harshman v. Jackson Hole Mountain Resort Corp.,* 379 F.3d 1161, 1164 (10th Cir.2004) (citing 28 U.S.C. § 1367). A district court may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. 1367(c)(3). "[S]upplemental jurisdiction is not a matter of the litigants' right, but of judicial discretion." *Estate of Harshman,* 349 F.3d at 1165 (citing *City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 173 (1997)). Because no issues of federal law remain, the Court does not believe that the values of economy, convenience, fairness, or comity would be furthered by continuing to exercise supplemental

jurisdiction over the remaining state law claim. This Court therefore *sua sponte* declines to exercise supplemental jurisdiction over the remaining state law claim and remands to state court.

### IV.    ORDER

For the reasons discussed above, defendants' Motion to Dismiss, ECF No. 9, is GRANTED. Plaintiff's claims against Youngers, Holland, and Johnston in their official capacities are dismissed as redundant. Plaintiff's first claim for relief alleging a violation of 42 U.S.C. § 1983 by the Town of La Veta is dismissed for failure to state a claim upon which relief can be granted. Plaintiff's second claim for relief alleging a violation of 42 U.S.C. § 1983 by Johnston is dismissed as she is entitled to absolute judicial immunity. In the absence of federal question jurisdiction, the Court declines to exercise supplemental jurisdiction over plaintiff's third claim for relief alleging violations of state tort law and remands this case to state court. Defendants' motion to stay discovery, ECF No. 10, is DENIED as moot.

DATED this 8th day of October, 2015.

BY THE COURT:

*[signature: Brooke Jackson]*

_____
R. Brooke Jackson
United States District Judge